UNITED STATES DISTRICT COURT
EASTERN DISRICT OF MICHIGAN
SOUTHERN DIVISION

James Smith,

    Petitioner,

    v.

Lori Gidley,

    Respondent.
_____/

Case No. 2:17-cv-12817

United States District Court
Judge Gershwin A. Drain

**<u>OPINION AND ORDER (1) DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS; (2) DENYING A CERTIFICATE OF APPEALABILITY; AND (3) DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*</u>**

**I. Introduction**

Petitioner James Smith ("Petitioner") filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner was convicted of kidnapping, criminal sexual conduct, and a firearm offense in 1992. He was sentenced to two years in prison for the firearm conviction and fifteen to forty years in prison for the criminal sexual conduct and kidnapping convictions. In 2011, Petitioner was released on parole, but before his term expired, he was charged with violating the conditions of parole. In 2017, the Michigan Parole Board revoked his parole.

Petitioner filed his habeas corpus petition in 2017 while he was incarcerated at a state prison in St. Louis, Michigan. He maintains that the Michigan Department of Corrections and the Michigan Parole Board violated his right to procedural due process during the parole revocation process. More specifically, Petitioner contends that the Michigan Parole Board: (1) charged him with failing to register an address, which is a violation of New York corrections law, not criminal law; (2) failed to provide him with written notice of the elements of the charge; (3) failed to charge him within the essential time frame; (4) deprived him of an opportunity to present mitigating evidence before the Parole Board made its decision to revoke parole; and (5) revoked his parole even though he was not given notice of the Parole Board's 2013 order extending his parole. ECF No. 1, PageID.4–23.

Respondent Lori Gidley filed a Response on March 6, 2018, arguing that Petitioner's claims are moot, unexhausted, not cognizable, or without merit. ECF No. 7. Respondent also asserts that Petitioner has failed to demonstrate a violation of his federal constitutional rights. *See* ECF No. 7, PageID.74.

The Court recently learned from a website maintained by the Michigan Department of Corrections ("OTIS") that Petitioner absconded from parole supervision on July 26, 2018. It also appears that Petitioner has not been re-arrested since then. *See Biographical Information*, Michigan Department of Corrections https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=226176   (last

visited Apr. 27, 2020).[1]  Accordingly, the Court will dismiss Petitioner's habeas corpus petition under the fugitive-disentitlement doctrine.

## II. BACKGROUND

The record before the Court indicates that, on July 24, 1992, Petitioner pleaded guilty in Oakland County Circuit Court to one count of kidnapping, Mich. Comp. Laws § 750.349; two counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(e); and one count of possession of a firearm during the commission, or attempt to commit, a felony ("felony firearm"), Mich. Comp. Laws § 750.227b.  *See* ECF No. 8-1, PageID.304 (Amended Judgment of Sentence).  On August 11, 1992, the trial court sentenced Petitioner to two years in prison for the felony-firearm conviction and fifteen to forty years for the three other convictions.  *Id*.

On April 11, 2011, the Michigan Parole Board agreed to release Petitioner on parole for twenty-four months, with a projected parole date of July 21, 2011.  *Id.* at PageID.244–48.  The parole expiration date was later extended from July 21, 2013, to January 21, 2014.  *Id*. at PageID.189.

---

[1] This citation is to the Offender Tracking Information System ("OTIS") of the Michigan Department of Corrections.  The Court may take judicial notice of the website.  *See Daly v. Burt*, 613 F. Supp.2d 916, 920 n.2 (E.D. Mich. 2009) (citing *Ward v. Wolfenbarger,* 323 F.Supp.2d 818, 821–22 n. 3 (E.D. Mich. 2004)).

Meanwhile, on July 21, 2011, Petitioner was released on parole. He was permitted to transfer parole supervision to his home state of New York; he lived there until February 1, 2013, when he was extradited to Michigan. He was incarcerated for approximately four months in Michigan before he was again released on parole with supervision in New York. *Id*. at PageID.185, 201–04.

In July 2013, Petitioner was charged in New York with violating several conditions of parole and absconding. *Id.* at PageID.178–186. He was also accused of raping a woman in New York. *Id*. at PageID.162–170. On August 5, 2013, the Michigan Department of Corrections issued a parole violator warrant for Petitioner. *Id*. at PageID.154.

On October 17, 2013, Petitioner was arrested in New York on the rape charge. *Id*. at Page ID. 168–69. He was convicted in New York of failure to register as a sex offender and was sentenced to prison for one year, four months to four years. He was released conditionally after serving three years of his sentence. *Id*. at PageID.143.

In December 2016, the Michigan Department of Corrections charged Petitioner with violating the following conditions of parole:

> Count 1, Violation of Condition 01, Contact field agent: On or about 07/04/2013 you failed to make your regularly schedule report to your field agent or to make any subsequent report.

> Count 2, Violation of Condition 04, Conduct: On or about 10/17/2013 you were involved in behavior which constitutes a violation of New York State law. You failed to register.

*Id*. at PageID.150.

On January 5, 2017, Petitioner conceded that he was guilty of the second charge (behavior that constituted a violation of New York law), while the first charge (failure to contact field agent) was dismissed. *Id*. at PageID.143–44. On January 17, 2017, the Michigan Parole Board revoked Petitioner's parole and continued his incarceration for twelve months. *Id.* at PageID.140–41.

Petitioner signed and dated his instant habeas corpus petition on August 18, 2017. On August 23, 2017, the Clerk of Court filed the petition. Shortly before and after Petitioner filed his petition, the Parole Board decided to grant Petitioner release on parole and then rescinded those decisions. *See id.* at Page ID. 121–24 (the Parole Board's August 1, 2017 decision to release Petitioner on parole for twenty-four months, beginning on August 31, 2017); *Id.* at PageID.116–17 (the Parole Board's August 15, 2017 decision to suspend parole based on new information); *Id*. at PageID.93–95 (the Parole Board's November 16, 2017 decision to release Petitioner on parole for twenty-four months beginning on December 14, 2017); *Id*. at PageID.86 (the Parole Board's January 9, 2018 decision to suspend action to consider new information). It appears from OTIS, however, that Petitioner

eventually was released on parole and that he absconded from supervision on July 26, 2018. *See infra* p. 3 and note 1.

### III.  LAW & ANALYSIS

In *Molinaro v. New Jersey*, 396 U.S. 365 (1970), the Supreme Court considered the case of a state prisoner who escaped from custody while his appeal from a criminal conviction was pending before the Supreme Court. The Supreme Court stated:

> [n]o persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction. While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims.

*Id*. at 366.

Under the disentitlement theory, a litigant's flight during the pendency of his case is construed as tantamount to waiver or abandonment. *See Ortega-Rodriguez v. United States*, 507 U.S. 234, 240 (1993); *see also Bagwell v. Dretke*, 376 F.3d 408, 412 (5th Cir. 2004) (stating that "a prisoner who absconds while his petition is pending intentionally waives his control over the proceedings").

Disentitlement is a long-established doctrine, and it applies to federal trial courts in civil cases, including habeas corpus cases. *In re Prevot*, 59 F.3d 556, 562, 564 (6th Cir. 1995). The doctrine applies to habeas corpus cases because

6

> [t]he literal meaning of the writ of habeas corpus ad subjiciendum comes from the Latin habeas corpus which means "you should have the body." It is an extraordinary writ the office of which is to examine the legality of a prisoner's confinement. If granted, the writ orders the jailer or other custodian to produce the body and free the prisoner either absolutely or conditionally.
>
> If there is no body for the jailer to produce, the writ is unnecessary.

*Taylor v. Egeler*, 575 F.2d 773, 773 (6th Cir. 1978) (per curiam).

Here, Petitioner absconded while his case was still pending before this Court. The writ of habeas corpus which he requested "would now serve no function beyond that achieved by [Petitioner] without the assistance of the courts." *Id*. There is no reason to rule on the merits of his claims because his case is moot. *Id*. Furthermore, dismissal is an appropriate sanction when a prisoner is a fugitive during an ongoing case, *Ortega-Rodriguez*, 507 U.S. at 242, and when his "flight operates as an affront to the dignity of the court's proceedings," *Id*. at 246; *see also Bagwell*, 376 F.3d at 412 (stating that "a prisoner's escape is no less an affront to the dignity of a federal court sitting in habeas than it is to a court reviewing a direct appeal").

## IV. Conclusion

Based on the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus [#1] is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because reasonable jurists would not find it debatable whether the Court's

procedural ruling is correct and whether the petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS FURTHER ORDERED** that Petitioner may not proceed *in forma pauperis* if he appeals this decision. Although he was permitted to proceed *in forma pauperis* in this Court, *see* ECF No. 4, an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

**SO ORDERED**.

Dated: May 21, 2020

/s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 21, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Deputy Clerk